UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kendall G. Mosing, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action H-15-136 |
| § | |
| Zloop, Inc., § | |
| § | |
| *Defendant*. § | |

### Order

Pending before the court is plaintiff Kendall G. Mosing's motion to remand. Dkt. 8. Having considered the motion, response, other relevant documents in the record, and the applicable law, the court is of the opinion that the motion should be GRANTED.

### I. Background

Kendall G. Mosing ("plaintiff") brings action against Zloop, Inc. ("Zloop" or "defendant"), to recover fourteen million dollars on a promissory note ("Note"). Dkt. 1-1. A forum-selection clause in the Note provides: "CHOICE OF VENUE: If there is a lawsuit, and if the transaction evidenced by this Note occurred in Harris County, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Harris County, State of Texas." Dkt. 8, ¶ 4. Patriot Bank was the original lender, and Mosing became the owner and holder of the Note by assignment. *Id.* at ¶¶ 5–6. Zloop is the borrower. *Id.* at ¶¶ 4–5. After Mosing filed in the 165th Judicial District Court of Harris County, Texas, Zloop removed the case to the instant court on the basis of diversity jurisdiction. *Id.* at ¶¶ 1–3. Mosing, arguing that Zloop contractually waived its right of removal, seeks remand. *Id.* at ¶ 7.

## II. LEGAL STANDARD

A defendant may remove a civil action to federal court if that court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a). The parties agree that both of these conditions have been met. However, a contractual clause prevents a party from exercising its right to removal when it gives a 'clear and unequivocal' waiver of that right. *Ensco Int'l, Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443 (5th Cir. 2009) (citing *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)).

There are three ways in which a party may clearly and unequivocally waive its removal rights: (1) by explicitly stating that it is doing so, (2) by allowing the other party the right to choose venue, or (3) by establishing an exclusive venue within the contract. *Id.* at 443–44. "Although waiver must be clear and unequivocal, it may be implicit where necessary to give effect to all contractual provisions." *Id.* at 445.

## III. ANALYSIS

As a preliminary matter, both parties agree that "the courts of Harris County" denote state courts in Harris County and not federal courts sitting in Harris County. Dkts. 8, ¶ 9, 18 at 7 n.14; *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 397–98 (5th Cir. 2003).

**A.   Waiver of Removal Rights**

The forum-selection clause in question does not meet the first criterion because it does not explicitly state that the Borrower waives removal rights. Dkt. 8, ¶ 4. The forum-selection clause does not meet the third criterion because no venue is declared as the sole venue in which an action can be brought—that is, the clause is permissive rather than exclusive. *Id.*; *see New Orleans*, 376 F.3d at 504 ("For a forum selection clause to be exclusive, it must go beyond establishing that a

2

particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."). The instant forum-selection clause does, however, meet the second criterion.

The Note's forum-selection clause allows Mosing the right to choose venue because it states, "…Borrower agrees *upon Lender's request* to submit to the jurisdiction of the courts of Harris County, State of Texas." Dkt. 8, ¶ 4 (emphasis added). "A party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the 'right to choose the forum' in which any dispute will be heard." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (citing *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991)). In *Nutmeg*, the pertinent forum-selection clause stated:

> [i]n the event of our [Nutmeg's] failure to pay any amount claimed to be due under your [Rose City's] policy, we, **at your request** agree to submit to the jurisdiction of any Court of Competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

*Nutmeg*, 931 F.2d at 14 (emphasis added). The Fifth Circuit found that Nutmeg waived its removal rights because the contract allowed the other party to choose the forum. *Id.* at 15. The court reasoned:

> On its face the endorsement is unambiguous. It plainly requires that the insurer submit to the jurisdiction of any court of the policyholder's choosing. … Thus, while the provision does not specifically mention the right of a defendant to remove an action from state to federal court, the language of the clause makes clear that the policyholder shall enjoy the right to choose the forum in which any dispute will be heard.

*Id.* In *Southland Oil Co. v. Mississippi Insurance Guaranty Ass'n*, 182 F. App'x 358 (5th Cir. 2006), the pertinent forum-selection clause stated, "…Underwriters…, **at the request of the Insured**…, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and

3

will comply with all requirements necessary to give such Court jurisdiction…." *Id.* at 360 (emphasis added).  The court found that this constituted a waiver of defendant's removal rights because the contract clause gave the policyholder the right to select the forum.  *Id.* at 362.

The forum-selection clause in the Note aligns closely with those in *Nutmeg* and *Southland Oil*.  Like those clauses, the clause in the Note contains language that ensures one party, *at the request of the other party*, will submit to the jurisdiction of a particular venue.  "[T]he provision does not specifically mention the right of a defendant to remove an action from state to federal court," but it does make clear that one party has the right to choose venue.  *Nutmeg*, 931 F.2d at 15.  Thus, like the defendants in *Nutmeg* and *Southland Oil*, Zloop clearly and unequivocally waived its removal rights because the forum-selection clause in the Note plainly allows the other party to choose the venue.

Although Zloop argues that the instant forum-selection clause is more similar to those in *New Orleans* and *McDermott* than the one in *Nutmeg* (Dkt. 18 at 8–12), that is not the case.  In *New Orleans*, the pertinent clause stated, "The undersigned Contractor does further hereby consent and yield to the jurisdiction of the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor." *New Orleans*, 376 F.3d at 504.  The Fifth Circuit found that the clause did not fit any of the three criteria and was, "at the very least, susceptible to more than one reasonable interpretation."  *Id.* at 504–05.  The court, stating that this ambiguity must be construed against the drafter, held that the clause did not constitute a waiver of removal rights.  *Id.* at 505–06.  The forum-selection clause in the instant case, unlike the one in *New Orleans*, includes additional language stating that the Borrower would submit to the jurisdiction of the courts of Harris County *upon Lender's request*.  Dkt. 8, ¶ 4.  The *New Orleans* clause contains no language suggesting that one party clearly had the

right to choose venue. In *McDermott International, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991), a case factually distinct from the instant one, the court held that the defendant did not unambiguously waive its removal rights. In *McDermott*, there was both a service-of-suit clause and an arbitration clause, and the court found that they were co-equals as forum-selection clauses. *Id.* at 1205. Thus, even though the service-of-suit clause stated, "…Underwriters hereon, **at the request** of the Assured will submit to the jurisdiction of any court of competent jurisdiction within the United States…," the court found ambiguity when reading the service-of-suit clause in conjunction with the arbitration clause. *Id.* at 1200, 1204–05 (emphasis added). See *Ensco International*, 579 F.3d at 443–48, for an in-depth analysis reconciling *New Orleans*, *McDermott*, and *Nutmeg*. Unlike the *McDermott* contract, the Note in the instant case contains only one clause dealing with choice of venue. *See* Dkt. 8, Ex. A (the Note). Having no other conflicting provision, that clause makes clear that Mosing has the right to choose venue.

**B.     Attorneys' Fees**

Mosing asserts that Zloop refused to voluntarily remand this case despite being given the opportunity to do so, and that the court should thus award Mosing payment of just costs and actual expenses, including attorneys' fees, incurred as the result of the removal. Dkt. 8, ¶ 11. Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.*

The Note's forum-selection clause clearly allowed Mosing the right to choose venue in state court, which he did. Under the law, Zloop was precluded from removing this case. The court therefore finds that the removal was not objectively reasonable. It is hereby ORDERED that Mosing be awarded $1,500 in attorneys' fees and that costs be assessed against him.

### IV. CONCLUSION

Mosing's motion to remand (Dkt. 8) is GRANTED. This case is hereby REMANDED to the 165th Judicial District Court of Harris County, Texas. It is ORDERED that Mosing be awarded $1,500 in attorneys' fees and that costs be assessed against him.

Signed at Houston, Texas on April 22, 2015.

_____
Gray H. Miller
United States District Judge